IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) Civil Action No. |
| Plaintiff, | ) ) |
| v. | ) ) **COMPLAINT AND** |
| ADVANCE AUTO PARTS, INC. | ) **JURY TRIAL DEMAND** ) |
| Defendant. | ) |

## NATURE OF ACTION

The United States Equal Employment Opportunity Commission (the "Commission"), brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (black) and retaliation and to provide appropriate relief to Matthew Osley who was adversely affected by such unlawful employment practices. As alleged with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Matthew Osley was subjected to race discrimination in the terms and conditions of employment by the conduct of Defendant's Manager. After Mr. Osley complained about the race discrimination, he was subjected to retaliation in the form of a negative performance review and an onerous performance plan. Due to the ongoing race discrimination and retaliation, Mr. Osley was forced to constructively discharge. As a result of Defendant's discriminatory conduct, Matthew Osley suffered backpay losses and severe emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times mentioned herein, Defendant, Advance Auto Parts, Inc. (the "Employer"), has continuously been doing business in the Commonwealth of Pennsylvania and the City of Kutztown, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Matthew Osley filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December of 2006, Defendant Employer has engaged in unlawful employment practices at its Kutztown, Pennsylvania location in violation of § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Mr. Osley to disparate terms and conditions of employment based on his race (Black). The unlawful employment practices include, but are not limited to, the following:

(a) Matthew Osley (Black) began working for Defendant Employer in January of 2005 as the first shift Operations Manager. He reported directly to Assistant General Manager, Wayne Harnish (White).

(b) Out of the three Operations Managers, Mr. Osley was the only Black Operations Manager at Defendant's Kutztown, PA facility.

(c) In March of 2006, Scott Cox (White) was hired as an Assistant General Manager. In December of 2006, Cox began to use racially offensive language toward Mr. Osley. Specifically, Cox made racially biased comments, such as that he would be "cracking the whip" on Mr. Osley, and that he would "never get promoted to Assistant General Manager as long as [Cox] was around." Cox also commented that Mr. Osley was "more articulate than most", implying that black individuals are not typically articulate.

(d) Mr. Osley immediately advised Cox that these comments were racially offensive, disparaging and condescending. Cox responded with a memo indicating that their discussion would be used as a "pre-disciplinary tool."

(e) In March of 2007, Cox was promoted to General Manager, placing Cox in charge of the entire warehouse facility. Following his promotion to General Manager, Cox subjected Mr. Osley to disparate terms and conditions of employment by holding him to higher

performance standards than his similarly-situated white comparator, Assistant General Manager Joseph Griffin. Specifically, Cox subjected Mr. Osley to increased scrutiny and undermined Mr. Osley's managerial authority in managers' meetings and in front of Mr. Osley's subordinate staff.

(f)    Mr. Osley complained of race discrimination several times to Brian Lago, (White), onsite Human Resources Manager, and his direct supervisor, Wayne Harnish. However, Defendant took no action to address these complaints, or to investigate them.

(g)    On or about March 22, 2007, Mr. Osley verbally complained directly to Cox that he was being treated unfairly because of his race.

8.    Since at least March of 2007, Defendant Employer has engaged in unlawful employment practices at its Kutztown, PA facility, in violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a). These unlawful retaliatory practices include, but are not limited to, the following:

(a)    On March 22, 2007, when Mr. Osley complained to Cox about race discrimination, Cox responded by threatening to place Mr. Osley on a 30-Day Performance Plan.

(b)    On or about April 2, 2007, ten (10) days after making a verbal complaint of race discrimination, Mr. Osley received a negative annual performance review from Cox.

(c)    On or about April 3, 2007, Cox placed Mr. Osley on an onerous 30-Day Performance Plan which contained unreasonable and excessive performance requirements.

(d)    On April 6, 2007, Mr. Osley complained, in writing, to Scott Cox, General Manager, and Vice President of Human Resources Michael Russell of race discrimination.

(e) Because Defendant failed to take effective action to address Mr. Osley's numerous race discrimination complaints, Mr. Osley was constructively discharged on May 10, 2007.

9. The effect of the practices complained of in paragraphs 7 and 8 have been to deprive Matthew Osley of equal employment opportunities and otherwise affect adversely his status as employees because of his race (black).

10. The unlawful employment practices complained of in paragraphs 7 and 8 were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 were done with malice or with reckless indifference to the federally protected rights of Matthew Osley.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and/or retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which provide for a work environment free of discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and anti-retaliation policies and complaint procedures.

D.  Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against race and retaliation discrimination.

E.  Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and non-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and retaliation of which they become aware to the department charged with handling such complaints.

F.  Order Defendant Employer to make whole Matthew Osley by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.  Order Defendant Employer to make whole Matthew Osley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H.  Order Defendant Employer to make whole Matthew Osley by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I. Order Defendant Employer to pay Matthew Osley punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8, in amounts to be determined at trial.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington DC 20507


JACQUELINE H. McNAIR
Regional Attorney


JUDITH A. O'BOYLE
Supervisory Trial Attorney


RACHEL M. SMITH
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2642 (direct dial)
(215) 440-2848 (FAX)